UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSTY HARRIS,

    Plaintiff,

v.                                                Case No. 8:19-cv-1468-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**<u>ORDER</u>**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 330-341). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 69-144). Plaintiff then requested an administrative hearing (Tr. 201-203). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 38-68). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 15-28). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1965, claimed disability beginning December 28, 2015 (Tr. 16, 27). Plaintiff obtained a high school education (Tr. 27). Plaintiff's past relevant work experience included work as a parking enforcer (Tr. 26). Plaintiff alleged disability due to heart and lung issues, hypertension, and restrictive cardiomyopathy secondary to sarcoidosis (Tr. 69).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2020 and had not engaged in substantial gainful activity since December 28, 2015, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: cardiomyopathy, sarcoid myocarditis, essential hypertension, and obstructive sleep apnea (Tr. 18). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 404.1567(b) and 416.967(b). The ALJ further stated that:

> The claimant remains able to lift and or carry 20 pounds occasionally and 10 pounds frequently, stand and or walk 6 hours in a workday, and sit 6 hours in a workday. He can never climb ladders, ropes, and scaffolds, but he can frequently climb ramps and stairs. He must avoid concentrated exposure to extreme cold, extreme heat, humidity, and pulmonary irritants such as fumes, odors, dust, and gases. He must avoid even moderate exposure to hazards.

(Tr. 20). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent

with the medical evidence and other evidence (Tr. 26). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 26). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a mail clerk, advertising material distributor, and marker/pricer (Tr. 28). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 28).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe

impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct

legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.

Plaintiff argues that the ALJ erred by (1) failing to consider Plaintiff's hospitalizations when determining if Plaintiff engaged in substantial gainful activity and (2) mischaracterizing the opinion of the consultative examiner Dr. Charles Lebowitz. For the following reasons, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

### A. Substantial Gainful Activity

Plaintiff contends that the decision of the ALJ should be reversed because the ALJ failed to address whether the claimant would have been able to engage in substantial gainful activity in light of his numerous days of hospitalizations. The record reflects that Plaintiff was hospitalized at Tampa General Hospital between December 6, 2017 and December 14, 2017 and October 22, 2018 and November 2, 2018. (T. 1449-1553) which equates to approximately nineteen days out of a twelve-month period.

In determining a Plaintiff's RFC, the ALJ must consider all the relevant evidence of record, including the effects of treatment, taking into consideration limitations or restrictions imposed by the mechanics of treatment, such as the frequency of treatment, duration, and disruption to routine. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). Though the Eleventh Circuit has rejected the argument that numerous medical appointments render a claimant disabled, *Cherkaoui v. Comm'r of Soc. Sec.*, 678 F. App'x 902, 904 (11th Cir. 2017), the ALJ must still consider the effects of a claimant's treatment in conjunction with the other evidence of record. In this instance, the ALJ did so. The ALJ discussed Plaintiff's hospitalizations and

all the medical treatment Plaintiff received prior to the date of the decision (Tr. 23-26). In doing so, the ALJ considered the length and nature of the treatment (Tr. 23-26).

Further, not all of Plaintiff's medical treatment and hospitalizations were expected to recur or cause any further limitations. For instance, his hospitalization in 2017 was for chest pain and weakness, however the record reflects his condition was in part due to cocaine use (T. 809). Additionally, Plaintiff received a blood transfusion and it was noted that his platelet count showed improvement. His left ventricle, systolic function, and wall motion were all normal and there were no regional wall motion abnormalities. Also, tests in February 2018 showed no pacemaker discharges, a normal electrocardiogram, and his lungs, heart rate and rhythm were normal with no murmurs, gallops, or rubs (T. 1345-1350).

As the Commissioner argues, therefore, Plaintiff failed to demonstrate that his condition, or any attendant medical treatment or hospitalizations, established disabling limitations for a consecutive twelve-month period. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1509, 416.909. Nor did Plaintiff establish that his impairments prevented him from performing work within the confines of the RFC or as identified by the VE. Instead, the ALJ properly considered the evidence of record, including the evidence from Plaintiff's 2017 hospitalizations and all subsequent treatment notes. In this regard, substantial evidence supports the ALJ's decision, and the ALJ applied the proper legal standards.

### B. Consultative Examiner

Next, Plaintiff contends that the ALJ erred by mischaracterizing the medical opinion of the consultative examiner, Dr. Charles Lebowtiz, when rending Plaintiff's RFC. Specifically, Plaintiff argues that the ALJ misstated that Plaintiff could stand and/or walk, in combination, six hours out of an eight hour workday when really, the consultative examiner, Dr. Lebowitz,

opined that Plaintiff could stand approximately four hours out of an eight hour workday, sit six hours out of an eight hour workday, and walk two hours out of an eight hour workday (T. 1371).

In rendering his decision, the ALJ considered the medical opinion of Dr. Lebowitz who opined that Plaintiff could sit up to six hours, stand for four hours, and walk two hours at a time without interruption and total in an eight-hour workday (T. 1371). The ALJ rendered Plaintiff's RFC and presented the hypothetical to the Vocational Expert asking if jobs existed in the national economy for a claimant with an RFC to:

> [L]ift up to 20 pounds occasionally, carry up to 10 pounds frequently and light work as defined by the regulations. *Stand and walk for approximately six hours per eight hour work day* and sit for approximately six hours per eight hour work day. Normal breaks. Frequent reaching, handling, fingering, feeling and pushing and pulling with the upper extremity. And that's bilaterally. Frequent foot controls. Occasional -- all the postural limitations, including climbing ladders, ropes or scaffolds. Climbing ramps or stairs, balancing, stooping, crouching, kneeling and crawling…

(T. 73)(emphasis added). The Commissioner contends that the ALJ's RFC determination is "generally consistent" with Dr. Lebowitz's opinion that Plaintiff could stand and/or walk in combination up to 6 hours (T. 20-26, 1371). With this RFC the VE found that three jobs existed: mail clerk, advertising material distributor, and marker/pricer.

However, such a mischaracterization is an error on behalf of the ALJ. Dr. Lebowitz determined that in an eight-hour workday Plaintiff could only stand four hours and walk two hours (T. 1371). Dr. Lebowitz did not opine that Plaintiff could stand *and/or* walk for six hours as the ALJ determined. This RFC implies that Plaintiff could stand for six hours and/or also walk for six hours. When in actuality Dr. Lebowitz opined that at one time, Plaintiff could only walk for two hours and separately stand for four hours. As such, the ALJ mischaracterized the medical opinion of Dr. Lebowitz and substantial evidence does not support the ALJ's RFC and hypothetical to the VE that Plaintiff is able to stand and/or walk for six hours in an eight-hour workday. Further, it is unclear from the record if Plaintiff would still be able to perform the jobs

7

of mail clerk, advertising material distributor, and marker/pricer with an RFC of walking only two hours and standing up to four hours at one time in a typical workday. As such, substantial evidence does not support the ALJ's decision and the case is remanded for proper consideration of Plaintiff's RFC limitations with regard to walking and standing in a typical eight-hour workday.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED, and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 24th day of September, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record